# UNITED STATES DISTRICT COURT
for the

_Northern_ District of _Iowa_

_Central_ Division

| | |
|---|---|
| Kyle Lee Owens | )    Case No.    26-cv-3009-LTS-KEM |
| | ) |
| | )      _(to be filled in by the Clerk's Office)_ |
| | ) |
| _Plaintiff(s)_ | ) |
| _(Write the full name of each plaintiff who is filing this complaint._ | )    Jury Trial: _(check one)_ ☐ Yes ✔No |
| _If the names of all the plaintiffs cannot fit in the space above,_ | ) |
| _please write "see attached" in the space and attach an additional_ | ) |
| _page with the full list of names.)_ | ) |
| -v- | ) |
| | ) |
| GameStop, Inc., and/or GameStop Corp. | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |
| _(Write the full name of each defendant who is being sued. If the_ | ) |
| _names of all the defendants cannot fit in the space above, please_ | ) |
| _write "see attached" in the space and attach an additional page_ | ) |
| _with the full list of names.)_ | ) |

## COMPLAINT FOR A CIVIL CASE

### I.  The Parties to This Complaint

#### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Kyle Owens |
| Street Address | 522 Sadie St. APT. 8 |
| City and County | Laurens; Pocahontas County |
| State and Zip Code | Iowa; 50554 |
| Telephone Number | (815) 324-2422 |
| E-mail Address | GameMasterUltimate2000@Gmail.com |

#### B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title _(if known)._  Attach additional pages if needed.

Defendant No. 1

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

GameStop, Inc., and/or GameStop Corp.

*Headquarters for Fort Dodge, IA - Branch*

625 Westport Parkway

Grapevine; Tarrant County

Texas; 76051

(817) 424-2000

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question                                    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., including §§ 2000e-2(a) and 2000e-3(a); 42 U.S.C. § 1981; and this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(4).

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

      The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

   b. If the plaintiff is a corporation

      The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

      The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

b.      If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.      The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Please see attachment "Statement of Claim"

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Please see attachment "Relief"

# STATEMENT OF CLAIM

Plaintiff Kyle Owens, proceeding pro se, states the following Statement of Claim against Defendant GameStop Corp.:

## I. Nature of the Action

1. This is an action for race discrimination, hostile work environment, retaliation, and constructive discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.
2. Plaintiff alleges that Defendant subjected him to racial harassment, tolerated racially hostile conduct, retaliated against him after he engaged in protected activity, and constructively discharged him when he reported discrimination.
3. Title VII makes it unlawful for an employer to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's race. 42 U.S.C. § 2000e-2(a)(1).
4. Title VII further prohibits retaliation against an employee because he has opposed an unlawful employment practice or participated in an investigation. 42 U.S.C. § 2000e-3(a).

## II. Jurisdiction and Venue

5. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 2000e-5(f)(3).
6. Venue is proper because the unlawful employment practices occurred in Fort Dodge, Iowa, within this judicial district.

## III. Factual Background

7. Plaintiff was employed by Defendant at its Fort Dodge, Iowa location (3043 1st Ave S, Fort Dodge, IA 50501).
8. At all relevant times, Plaintiff was the only non-hispanic white employee working at the store.
9. The Store Leader was Joey Rosalaz (Employee ID 693600), who is Hispanic. During his tenure, he hired two additional employees who were Hispanic women.
10. On March 6, 2024, between approximately 3:00 p.m. and 6:00 p.m., coworker Emily Martinez (Employee ID 715500) stated directly to Plaintiff, while they were alone in the store, "I hate white people."
11. The statement was made during working hours, inside the workplace, and was unwelcome and racially hostile.

12. Such explicit racial animus constitutes direct evidence of discriminatory hostility. See *Ash v. Tyson Foods, Inc.*, 546 U.S. 454 (2006).
13. On March 7, 2024 at approximately 2:44 a.m., Plaintiff reported the racial harassment to GameStop corporate Human Resources via HRSolutionCenter@gamestop.com and through the GameStop Hero Hotline.
14. Plaintiff requested an investigation and review of camera audio.
15. On March 7, 2024 at approximately 8:23 a.m., Diane Schulien, Employee Relations Business Partner, responded that an investigation would be opened.
16. Plaintiff thereafter provided additional information to HR, including concerns about conduct after business hours and potential interference with store camera evidence.
17. Plaintiff also reported an incident in which Store Leader Joey Rosalaz's father, acting as a customer, entered the store and used the racial slur "cracker" in open public during business hours, multiple times.
18. The racial slur was reported to corporate HR as racially offensive conduct connected to store leadership through a close familial relationship.

## IV. Hostile Work Environment

19. A hostile work environment exists where workplace conduct is sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993).
20. Explicit racial hostility such as "I hate white people" constitutes severe discriminatory conduct.
21. Defendant had actual notice through Plaintiff's immediate report to corporate HR.
22. An employer is liable for coworker harassment where it knew or should have known of the conduct and failed to take prompt remedial action. *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998).
23. Rather than protect Plaintiff, Defendant's response escalated into retaliation.

## V. Retaliation

24. Reporting racial discrimination constitutes protected activity under Title VII. 42 U.S.C. § 2000e-3(a).
25. To establish retaliation, a plaintiff must show protected activity, materially adverse action, and a causal connection. *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).
26. After Plaintiff reported racial harassment, he requested interim leave during the investigation due to the hostile environment.

27. Human Resources informed Plaintiff that he was not permitted to take leave and that failure to return to work would result in termination.
28. A materially adverse action includes any action that might dissuade a reasonable worker from making a discrimination complaint. *Burlington Northern*, supra.
29. Threatening termination and denying protective leave after a discrimination complaint satisfies this standard.
30. The temporal proximity between Plaintiff's protected report and the adverse ultimatum establishes causal inference. See *Smith v. Allen Health Systems, Inc.*, 302 F.3d 827 (8th Cir. 2002).

## VI. Constructive Discharge

31. Constructive discharge occurs when an employer deliberately makes working conditions so intolerable that a reasonable person would feel compelled to resign. *Pennsylvania State Police v. Suders*, 542 U.S. 129 (2004).
32. The Supreme Court has held that a constructive discharge claim accrues when the employee resigns in response to intolerable conditions. *Green v. Brennan*, 578 U.S. 547 (2016).
33. Plaintiff made clear he was not voluntarily resigning.
34. However, Defendant placed Plaintiff in an untenable position: return to a racially hostile and retaliatory environment or be terminated.
35. Under these circumstances, Plaintiff's separation constitutes constructive discharge.

## VII. Administrative Exhaustion and Timeliness

36. Plaintiff reported the discrimination internally and cooperated with corporate HR.
37. Plaintiff attempted to file with the EEOC but was procedurally blocked by the EEOC intake system. Plaintiff then contacted the EEOC, where they replied weeks later, with circular reasoning, not remedying the online intake took blocking the filing, but rather simply saying "use the online tool," where a subsequent reply to their reply was made, demanding them to cease circular reasoning and provide remedy and answer to either an alternative way to file or provide right to sue letter, and providing them a set duration to comply; thus fully exhausting remedies with the EEOC.
38. Plaintiff filed with the Iowa Civil Rights Commission, which administratively closed the matter as untimely; this was later appealed, and no further updates have been made.
39. The limitations period for constructive discharge runs from the date of resignation, not the original discriminatory act. *Green v. Brennan*, supra.

40. The charge-filing requirement under Title VII is not jurisdictional and is subject to waiver and equitable doctrines. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982).
41. Plaintiff acted diligently and in good faith, and has fully exhausted remedies; and files this federal suit within the 2 year statutory requirement.

## VIII. Direct and Circumstantial Evidence of Discrimination

42. Explicit racial hostility constitutes direct evidence of discriminatory animus.
43. The racial composition of the store workforce, Plaintiff's status as the only white employee; which was also greatly disproportionate and inconsistent to the local demographics of the populace, and tolerance of racial slurs support circumstantial inference (also note a discussion overheard where Joey confessed that corporate would not let him hire another hispanic worker, where three already existed and no other race was included, to one of the female hispanic workers).
44. When direct evidence exists, the McDonnell Douglas burden-shifting framework is unnecessary. See *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111 (1985).

## IX. Summary

45. Defendant subjected Plaintiff to racial harassment.
46. Defendant failed to adequately remediate.
47. Defendant retaliated after Plaintiff engaged in protected activity.
48. Defendant constructively discharged Plaintiff.
49. Defendant's actions violated Title VII of the Civil Rights Act of 1964.

End of Statement of Claim

# RELIEF

WHEREFORE, Plaintiff Kyle Owens respectfully requests that judgment be entered in his favor and against Defendant GameStop, Inc., and that this Court award the following relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, and all other applicable federal law:

## I. Compensatory Damages

1. An award of compensatory damages pursuant to 42 U.S.C. § 1981a(b)(3) for:
   - Emotional pain and suffering;
   - Mental anguish;
   - Emotional distress;
   - Humiliation;
   - Loss of enjoyment of life;
   - Damage to reputation;
   - Psychological harm;
   - Anxiety and stress resulting from racial discrimination, hostile work environment, retaliation, and constructive discharge.
2. Such compensatory damages in an amount to be determined by the court, but not less than $125,000, or the maximum amount permitted under 42 U.S.C. § 1981a(b)(3) based upon Defendant's number of employees.

Title VII expressly authorizes recovery of compensatory damages for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." 42 U.S.C. § 1981a(b)(3).

Courts recognize that emotional distress damages may be established through testimony regarding humiliation, stress, anxiety, and loss of dignity. See *Carey v. Piphus*, 435 U.S. 247 (1978); *Delph v. Dr. Pepper Bottling Co. of Paragould, Inc.*, 130 F.3d 349 (8th Cir. 1997).

## II. Punitive Damages

3. An award of punitive damages in the amount of $125,000, pursuant to 42 U.S.C. § 1981a(b)(1), based upon Defendant's willful, malicious, reckless, and callously indifferent conduct toward Plaintiff's federally protected rights.

Punitive damages are available under Title VII where the employer acts "with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1).

The Supreme Court in *Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999), held that punitive damages are appropriate where a managerial employee acts with knowledge that his actions may violate federal law.

Plaintiff alleges that management-level personnel were placed on notice of racial harassment and retaliated against Plaintiff rather than remedying the unlawful conduct, demonstrating reckless indifference to federally protected civil rights.

Additionally, punitive damages are recoverable under 42 U.S.C. § 1981 without statutory caps. See *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454 (1975).

## III. Back Pay and Lost Wages

4. An award of back pay, lost wages, lost earning capacity, lost benefits, and other economic losses resulting from Plaintiff's constructive discharge and retaliatory termination, pursuant to 42 U.S.C. § 2000e-5(g)(1).

Title VII authorizes back pay and equitable monetary relief to make the victim whole. See *Albemarle Paper Co. v. Moody*, 422 U.S. 405 (1975).

Such relief includes:

- Lost hourly wages;
- Lost future wages;
- Lost employment benefits;
- Lost advancement opportunities;
- Prejudgment interest.

## IV. Front Pay (In Lieu of Reinstatement)

5. An award of front pay in lieu of reinstatement, as reinstatement would be impracticable due to the hostile and retaliatory environment, and newly obtained pursuits in life.

Front pay is authorized as equitable relief where reinstatement is not feasible. See *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843 (2001).

## V. Declaratory and Equitable Relief

6. A declaratory judgment that Defendant violated:
   - 42 U.S.C. § 2000e-2(a) (race discrimination),
   - 42 U.S.C. § 2000e-3(a) (retaliation),

- 42 U.S.C. § 1981 (equal right to contract without racial discrimination).

7. An injunction prohibiting Defendant from engaging in further discriminatory or retaliatory conduct.

8. Such equitable relief as this Court deems just and proper to eradicate the effects of past discrimination.

## VI. Attorney's Fees and Costs

9. An award of reasonable attorney's fees and costs pursuant to:
   - 42 U.S.C. § 2000e-5(k),
   - 42 U.S.C. § 1988(b),
   - and other applicable law.

Although Plaintiff proceeds pro se at this time, he reserves the right to seek attorney's fees should counsel later appear; as well as the lack of legal prohibition of procurement and claiming pro se attorney fees for time spent on case, travel, prints, mailing fees, etc.

## VII. Prejudgment and Post-Judgment Interest

10. An award of prejudgment interest and post-judgment interest pursuant to 28 U.S.C. § 1961 and applicable federal law.

## VIII. Jury Trial

Plaintiff demands a trial by jury on all issues triable as of right under the Seventh Amendment to the United States Constitution and pursuant to 42 U.S.C. § 1981a(c); **only** under the circumstance that the defendant fails to settle or that the judge cannot issue such relief without the presence or a jury, otherwise this case is set to bench with no jury.

## TOTAL DAMAGES CLAIMED

Plaintiff presently seeks:

- $125,000 in punitive damages;
- $125,000 in compensatory damages for emotional distress and related harms;
- Back pay, front pay, lost wages, and economic damages in an amount to be proven at trial;
- Interest, costs, and statutory relief.

Total claimed damages exceed $250,000, exclusive of interest and costs.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:            03/02/2026

Signature of Plaintiff

Printed Name of Plaintiff        Kyle Owens (Pro Se)

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to 28 U.S.C. § 1915 and Federal Rule of Civil Procedure 4(c)(3), the United States Marshals Service will serve the defendants in this action.

Dated: 03/03/2026

Signed:

Kyle Owens

522 Sade St. APT. 8

Laurens, IA. 50554

(815) 324-2422

GameMasterUltimate2000@Gmail.com

1

# To Clerk of Court/Contents:

1. Ao239_1 (In forma pauperis)
2. JS44 Civil Cover Sheet
3. Ao440 Summons
4. Usm-285 Process Reciept/Service by US Marshals
5. Court Copy of Complaint. Attached within is "statement of claim" and "relief" documents. At the end of that, is the verification of proper service.
6. Exhibits A1, A2, A3, B, and C, with Exhibit Cover Sheet.
7. Defendant Copy. Defendant Copy has exhibits clipped to copy of complaint.



RECEIVED
MAR 10 2026
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

FROM:

Kyle Owens
522 Sadie St. Apt. 8
Laurens, IA. 50554

## UNITED STATES POSTAL SERVICE.

**Retail**

**P**

### US POSTAGE PAID

**$12.45**

Origin: 50554
03/04/26
1849680254-02

### PRIORITY MAIL®

1 Lb 1.50 Oz
**RDC 03**

EXPECTED DELIVERY DAY: 03/07/26

**C002**

SHIP TO:

111 7TH AVE SE
CEDAR RAPIDS IA 52401-2101

**USPS TRACKING® #**



9505 5134 0552 6063 3079 11

TO:

United States District Court
Northern District of Iowa
111 Seventh Avenue S.E.
Cedar Rapids, IA. 52401

Ready Post